IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 6 2017
CLERK, U.S. DISTRICT COURT
By_____
       Deputy

| | |
|---|---|
| SALVADORA ORTIZ AND THOMAS SCOTT ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, § § § § Plaintiffs, § § VS. § § AMERICAN AIRLINES, INC., ET AL., § § Defendants. § | NO. 4:16-CV-151-A |

## ORDER

On July 18, 2016, the plaintiffs in the above-captioned action filed a document titled "Unopposed Motion for Order Preliminarily Approving (I) Conditional Certification of the Settlement Classes; (II) Appointment of Lead and Class Counsel; (III) Preliminary Approval of Settlement; and (IV) Approval of Form and Manner of Notice." The court issued a memorandum opinion and order on November 18, 2016, providing reasons why the court was not in a position at that time to grant any of the relief sought by such motion.

The court did not deny the requested relief, but informed plaintiffs of the court's concerns and of additional information the court wished to receive and consider before proceeding further. The court gave plaintiffs a deadline of December 8, 2016, to file a document giving a detailed description of what plaintiffs proposed to do to address the court's concerns and a

statement as to when the court might expect them to do whatever they said in such document they proposed to do. By order issued December 16, 2016, the court granted plaintiffs' motion for an extension of time to January 6, 2017, for the filing of their responsive document.

On January 6, 2017, plaintiffs filed a document titled "Plaintiffs' Submission Pursuant to the Court's Order of November 18, 2016," which was accompanied by hundreds of pages of papers that were filed under seal, and another hundreds of pages of papers that were submitted for in camera review, along with a declaration of an attorney for plaintiffs that was submitted for in camera review. Three days later, plaintiffs filed a document titled "Plaintiffs' Submission of Original Signatures for Declaration Submitted on January 6, 2017." Those items referred to attached exhibits, but no exhibits were attached.

Upon study of the items the court received from plaintiffs on January 6 and 9, 2017, the court realized that none of the items was in proper form. And, the court concluded that the court had been ill-advised to issue an order on December 22, 2016, authorizing items to be filed under seal and other items to be submitted to the court for in camera review. By order issued January 12, 2017, the court set aside the December 22, 2016 order, ordered unfiled and stricken from the record of this

action the items plaintiffs filed on January 6 and 9, 2017, and ordered that all such items and the items submitted to the court for in camera review be made available to be retrieved by plaintiffs. The court gave plaintiffs a deadline of January 25, 2017, for the filing of the items it initially had been required by the November 18, 2016 memorandum opinion and order to file by December 8, 2016.

Plaintiffs did not address in their January 6 and 9, 2017 filings the concerns expressed by the court in the November 18, 2016 order with the form and content of proposed documentation that were presented to the court by plaintiffs' July 18, 2016 motion for approval. Instead, on January 10, 2017, defendants filed a document titled "Defendants' Supplemental Filing in Response to the Court's Order of November 18, 2016," in which they addressed some of the concerns expressed in the November 18, 2016 order with the proposed documentation. Defendants' supplemental filing was accompanied by a 237-page appendix that contained, inter alia, a revised version of a Settlement Agreement and Release between plaintiffs and defendants; and, defendants informed the court in their filing that plaintiffs had indicated that they were prepared to accept the changes in the revised version. The amount to be paid by defendants to the proposed class was not increased in the revised version.

3

On January 18, 2017, plaintiffs filed a motion seeking permission to submit certain materials to the court for in camera review when responding to the November 18, 2016 order. Plaintiffs described in such motion, in a general way, the nature of the items that would be submitted to the court for in camera review if the court were to grant the motion.

On January 25, 2017, the court received a set of items accompanied by a cover document titled "Plaintiffs' Submission Pursuant to the Court's Orders of November 18, 2016 and January 12, 2017," that included two declarations of counsel for plaintiffs, a declaration of Faith S. Hochberg, who had served as a mediator in the activity that led to the proposed settlement between plaintiffs and defendants, along with 626 pages accompanying the Hochberg affidavit and 139 pages accompanying the affidavit of one of the attorneys. Plaintiffs also made known to the court that plaintiffs had documents available for in camera review by the court if the court desired to review them.

On April 4, 2017, the court issued an order that requested of the plaintiffs additional information relative to the items plaintiffs proposed to present to the court for in camera review. In that order, the court informed the plaintiffs that the court was concerned that the plaintiffs had not provided the court information the court expected to receive in response to the

4

...
...

November 18, 2016 order. The court gave plaintiffs until April 13, 2017, to provide to the court information the court was requesting by the April 4, 2017 order.

On April 13, 2017, the court received plaintiffs' response to the April 4, 2017 order. Based on the information provided by that response, the court issued an order on April 25, 2017, authorizing plaintiffs to submit to the court for <u>in camera</u> review the items plaintiffs mentioned in their exhibits to the response.

On May 5, 2017, the court received the documents that plaintiffs were authorized to submit to the court for <u>in camera</u> review. They consisted of duplicate copies of two exhibits, one exhibit 1,661 pages in length, presented in five volumes, and the other exhibit 878 pages in length, presented in three volumes.

After having considered all the items the parties have presented to the court for review since November 18, 2016, the court remains of the opinion that it should not grant any of the relief sought by plaintiffs' July 18, 2016 motion. The court has received nothing that would cause the court to change the views expressed by the court in part A, on pages 24-27, of the November 18, 2016 memorandum opinion and order. The court continues to have concerns relative to aspects of the proposed settlement documentation, but because of the court's primary

concern relative to the adequacy of the settlement amount the settlement documentation issue is not decisive at this time. For the reasons given on pages 23-27 of the November 18, 2016 memorandum opinion and order, the court is unable to conclude that there is good cause for the entry of an order, or the scheduling of a hearing, as sought by plaintiffs' July 18, 2016 motion.

Therefore,

The court ORDERS that all action and relief sought by plaintiffs in their July 18, 2016 motion be, and is hereby, denied.

The court further ORDERS that by November 6, 2017, plaintiffs file their responses to the motions to dismiss filed by defendants on May 10, 2016.

SIGNED October 6, 2017.

_____
JOHN MCBRYDE
United States District Judge

6