**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| SALVADORA ORTIZ and THOMAS SCOTT, on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| | § | Case No. 4:16-cv-00151-A |
| v. | § § | |
| AMERICAN AIRLINES INC., THE AMERICAN AIRLINES PENSION ASSET ADMINISTRATION COMMITTEE, and AMERICAN AIRLINES FEDERAL CREDIT UNION, | § § § § § | |
| | § § | |
| Defendants. | § | |

**<u>PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' BILLS OF COSTS</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

ARGUMENT AND AUTHORITIES .............................................................................. 2

I.    THE AAFCU'S BILL OF COSTS IS EXCESSIVE ........................................... 2

II.   THE AMERICAN AIRLINES' DEFENDANTS BILL OF COSTS IS ALSO
      EXCESSIVE ........................................................................................................ 5

III.  THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY THE
      DEFENDANTS' BILLS OF COSTS TO AVOID INJUSTICE ........................... 9

            The Amount of Claimed Costs ................................................................. 9

            The Good Faith of the Losing Party ...................................................... 10

            The Closeness and Difficulty of the Issues ............................................ 11

CONCLUSION ............................................................................................................. 11

CERTIFICATE OF SERVICE ...................................................................................... 12

## TABLE OF AUTHORITIES

*Auto Wax Co. v. Mark V Prods., Inc.*,
     Civil Action No. 3:99-CV-0982-M, 2002 U.S. Dist. LEXIS 2796
     (N.D. Tex. Feb. 20, 2002)................................................................................................4, 8

*Awad v. Ziriax*,
     No. CIV-10-1186-M, 2014 U.S. Dist. LEXIS 53045 (W.D. Okla. Apr. 17, 2014).............5

*Burton v. R.J. Reynolds Tobacco Co.*,
     395 F. Supp. 2d 1065 (D. Kan. 2005)................................................................................5

*Celanese Corp. v. Kellogg*,
     No. H-06-2265, 2009 U.S. Dist. LEXIS 53673 (S.D. Tex. June 25, 2009).....................3, 8

*Datapoint Corp. v. Picturetel Corp.*,
     Cause No. 3:93-CV-2381-D, 1998 U.S. Dist. LEXIS 10897 (N.D. Tex. July 9, 1998)..2, 6

*Fogleman v. ARAMCO*,
     920 F.2d 278 (5th Cir. 1991) ...................................................................................2, 3, 8

*Harper v. Capital One, N.A.*,
     No. 3-11-cv-03007-F, 2013 U.S. Dist. LEXIS 206097 (N.D. Tex. Mar. 15, 2013)..........11

*Knauff v. Dorel Juvenile Grp., Inc.*,
     Civil Action No. SA-08-CV-336-XR,
     2010 U.S. Dist. LEXIS 61191, 2010 WL 2545424 (W.D. Tex. June 21, 2010) .................5

*Love v. AutoZone Stores, Inc.*,
     No. 1:12 CV 2260, 2013 U.S. Dist. LEXIS 178873 (N.D. Ohio Dec. 20, 2013)..............10

*Pioneer Nat. Res. USA, Inc. v. Diamond Offshore Drilling, Inc.*,
     No. 05-0224, 2009 U.S. Dist. LEXIS 113901 (E.D. La. Nov. 17, 2009) ........................2, 6

*Ramirez v. Abreo*,
     Civil Action No. 5:09-CV-190-C, 2011 U.S. Dist. LEXIS 165541
     (N.D. Tex. Oct. 31, 2011) ...................................................................................................9, 10

Plaintiffs Salvadora Ortiz and Thomas Scott, on behalf of the American Airlines 401(k) plan ("the Plan"), file this Opposition to the August 18, 2020 Bill of Costs submitted by Defendant the American Airlines Federal Credit Union ("AAFCU") (ECF No. 234) and the August 19, 2020 Bill of Costs submitted by American Airlines, Inc. and the American Airlines Pension Asset Administration Committee ("the American Airlines Defendants") (ECF No. 235). While Plaintiffs' substantive objections to the excessive costs submitted by each Defendant are unique to those Defendants, the legal arguments in favor of denying Defendants' bills of costs apply equally to all Defendants. As such, and for the Court's convenience, Plaintiffs submit this omnibus Opposition.

The AAFCU seeks to collect $12,216.42 in costs from Plaintiffs and the Plan following this Court's August 5, 2020 entry of an order granting the AAFCU's motion for summary judgment. The American Airlines Defendants seek the same, in the amount of $22,222.76. Federal Rule of Civil Procedure 54(d) allows the Court to review the prevailing party's bill of costs on a motion served within seven days of the bill of costs. This Opposition follows.

For the reasons described herein, the AAFCU's Bill of Costs contains $6,696.27 in claimed costs that are not recoverable, and the AAFCU's Bill of Costs should be reduced by that amount. The American Airlines Defendants' Bill of Costs contains $14,673.30 in unrecoverable costs, and their Bill of Costs should likewise be reduced. Additionally, and even if the Court is inclined to consider the remainder of the Defendants' Bills of Costs, the Court should exercise its discretion not to award any costs to Defendants to avoid injustice.

1

## ARGUMENT AND AUTHORITIES

### I.    The AAFCU's Bill of Costs Is Excessive.

The AAFCU's Bill of Costs included more than $10,000 in fees for transcripts "necessarily obtained for use in the case."  The Fifth Circuit has held that only deposition transcripts "obtained for use during trial or for trial preparation" may be included in the costs of the prevailing party, and not transcripts obtained "for the mere convenience of counsel."  *See Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991).  The AAFCU's Bill of Costs includes a total of $6,696.27 in excessive, unrecoverable transcript-related costs, as described in more detail below.

The AAFCU's Bill of Costs includes a charge of $840 for the deposition of Francis Longstaff, a witness whose opinions were, as this Court properly concluded, limited to class certification and of dubious relevance to the trial in this case.  *See* ECF No. 217 at 4.  Mr. Longstaff's report was ultimately withdrawn by American Airlines and Mr. Longstaff would not have testified at the trial in this case.  Deposition transcript costs are not recoverable unless specifically enumerated by statute or necessary for trial.  *See Datapoint Corp. v. Picturetel Corp.*, Cause No. 3:93-CV-2381-D, 1998 U.S. Dist. LEXIS 10897, at *9 (N.D. Tex. July 9, 1998) (disallowing the recovery of expert deposition transcript costs because, at the time the deposition was taken, it was not clear that the witness would be called at trial); *see also Pioneer Nat. Res. USA, Inc. v. Diamond Offshore Drilling, Inc.,* No. 05-0224, 2009 U.S. Dist. LEXIS 113901, at *7 (E.D. La. Nov. 17, 2009) (disallowing Defendants' recovery of the costs associated with obtaining pre-trial hearing transcripts).  As such, the AAFCU's Bill of Costs should be reduced by $840.

Additionally, the AAFCU seeks $1,433.17 for "blowbacks/prints of Black & White Images."  ECF No. 234 at 9.  There is no indication about what documents these are, other than a single-page invoice describing that they consist of 12,266 pages contained within twenty-two

2

binders. "The cost of copying other documents is subject to the same standard as that of copying depositions: reproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). Here there is no evidence about what these documents are, let alone any showing that the copying thereof was necessary for use during trial. The party seeking the recovery of printing and copying costs has the obligation to show that the specific copies for which recovery is sought were necessary for trial. *See Celanese Corp. v. Kellogg*, No. H-06-2265, 2009 U.S. Dist. LEXIS 53673, at *11 (S.D. Tex. June 25, 2009). Accordingly, the AAFCU's Bill of Costs should be reduced by $1,433.17.

Finally, the Fifth Circuit does not permit the recovery of the cost of obtaining a transcript on an expedited basis "unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *Fogleman*, 920 F.2d at 286. Review of the invoices submitted with the AAFCU's Bill of Costs indicates that the AAFCU spent $4,243.10 on 1) the immediate delivery of deposition transcripts ($2,274.45), 2) the real-time transcription thereof ($1,344.05), and 3) rough transcripts ($625). A table of these charges, taken from the review of the supporting documentation submitted with the AAFCU's Bill of Costs, is set forth below:

| Witness | Line Item | Amount |
|---|---|---|
| N. Librock | Immediate Delivery | $741.20 |
| | Realtime Transcription | $448.80 |
| | Rough Transcript | $204 |

3

| J. King | Realtime Transcription | $303.60 |
|---|---|---|
|  | Rough Transcript | $303.60 |
| L. Cohen | Immediate Delivery | $409.50 |
|  | Realtime Transcription | $117 |
|  | Rough Transcript | $117 |
| J. Gaia | Immediate Delivery | $562.40 |
|  | Realtime Transcription | $273.80 |
| W. Torous | Immediate Delivery | $561.35 |
|  | Realtime Transcription | $200.85 |
| **Grand Total:** |  | **$4,423.10** |

As set forth above, the costs of expedited transcripts are not recoverable without prior court approval or evidence that the "special character of the action" required them. Neither exists here, which dispenses with the claimed costs related to immediate delivery. Nor are transcript costs for the mere convenience of counsel, such as real-time transcription or the preparation of rough transcripts. *See Auto Wax Co. v. Mark V Prods., Inc.*, Civil Action No. 3:99-CV-0982-M, 2002 U.S. Dist. LEXIS 2796, at *18 (N.D. Tex. Feb. 20, 2002) (rejecting Defendants' attempt to recover the costs of added electronic features of deposition transcripts and finding that "[a]lthough such added features make a review of the [trial] record somewhat more efficient, there is no suggestion here that this was not principally for the convenience of counsel.").

As such, the AAFCU's Bill of Costs should be reduced by $6,696.27.

4

## II.    The American Airlines' Defendants Bill of Costs Is Also Excessive.

The American Airlines Defendants' Bill of Costs, which they seek to tax against Plaintiffs, suffer from many of the same defects as the AAFCU's Bill of Costs. The American Airlines Defendants seek $14,673.30 in costs that are excessive and unrecoverable. The American Defendants' Bill of Costs should, at a minimum, be reduced for the same reasons.

The American Airlines Defendants seek to tax $235 in fees related to their various attorneys' *pro hac vice* applications against Plaintiffs. *See* ECF No. 235 at 4. First and foremost, the majority of courts decline to award *pro hac vice* fees as costs, including federal district courts in Texas. *See Awad v. Ziriax*, No. CIV-10-1186-M, 2014 U.S. Dist. LEXIS 53045, at *5 n.2 (W.D. Okla. Apr. 17, 2014) (collecting cases, including *Knauff v. Dorel Juvenile Grp., Inc.*, Civil Action No. SA-08-CV-336-XR, 2010 U.S. Dist. LEXIS 61191, 2010 WL 2545424 (W.D. Tex. June 21, 2010)). Courts that do allow the taxation of *pro hac vice* fees have limited the taxation of fees to only those attributable to lead counsel. *See Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1077 (D. Kan. 2005). Plaintiffs should not have to bear the costs associated with the American Defendants' choice to move for the *pro hac vice* admission of a plethora of their counsel.

Plaintiffs respectfully submit that the American Defendants' Bill of Costs should be reduced by $235, and in the alternative request that it be reduced by $205 to allow for only the taxation of the *pro hac vice* fees for the American Defendants' lead counsel, Brian Boyle.

Like the AAFCU, the American Defendants also seek the recovery of excessive transcript costs related to the depositions taken in this case. The American Defendants seek the recovery of $1,936.60 in costs (ECF No. 235 at 9) related to the deposition transcript of Francis Longstaff, their expert who as discussed above offered no opinions relevant to the trial in this case and who was ultimately withdrawn by American Airlines. Indeed, it was clear at the time his deposition

5

was taken that his opinions were limited to issues related to class certification. The costs associated with Dr. Longstaff's deposition are therefore not recoverable against Plaintiffs as necessary for trial. *See Datapoint Corp. v. Picturetel Corp*., Cause No. 3:93-CV-2381-D, 1998 U.S. Dist. LEXIS 10897, at *9 (N.D. Tex. July 9, 1998) (disallowing the recovery of expert deposition transcript costs because, at the time the deposition was taken, it was not clear that the witness would be called at trial); *see also Pioneer Nat. Res. USA, Inc. v. Diamond Offshore Drilling, Inc.,* No. 05-0224, 2009 U.S. Dist. LEXIS 113901, at *7 (E.D. La. Nov. 17, 2009) (disallowing Defendants' recovery of the costs associated with obtaining pre-trial hearing transcripts). As such, the American Defendants' Bill of Costs should be reduced by that amount.

The American Defendants also seek the recovery of $6,331.90[1] in fees related to the same unrecoverable categories as the AAFCU: 1) the immediate delivery of deposition transcripts ($2,831.20)), 2) the real-time transcription thereof ($2,270.70), and 3) rough transcripts for the convenience of counsel ($1,230.00). These costs are not recoverable for the same reasons and under the same authorities discussed in Section I, *supra*. A table detailing these excessive charges, taken from the review of the supporting documentation submitted with the American Defendants' Bill of Costs, is set forth below:

| Witness | Line Item | Amount |
|---------|-----------|--------|
| J. Gaia | Immediate Delivery | $562.40 |
|         | Realtime Transcription | $222.00 |
|         | Rough Transcript | $222.00 |
|         |  |  |

---

[1] This amount does not include the $1,124 in unrecoverable costs associated with the Longstaff deposition, the costs for which Plaintiffs submit should be disallowed in their entirety.

| | | |
|---|---|---|
| W. Torous | Immediate Delivery | $494.40 |
| | Realtime Transcription | $154.50 |
| | Rough Transcript | $154.50 |
| | | |
| N. Librock | Immediate Delivery | $516.80 |
| | Realtime Transcription | $673.20 |
| | Rough Transcript | $204.00 |
| | | |
| S. Ortiz | Rough Transcript | $256.50 |
| | | |
| F. Longstaff[2] | Realtime Transcription | $312.00 |
| | Rough Transcript | $312.00 |
| | Videosynch/Tape | $500.00 |
| | | |
| J. King | Immediate Delivery | $883.20 |
| | Realtime Transcription | $1,104.00 |
| | Rough Transcript | $276.00 |
| | | |
| L. Cohen | Immediate Delivery | $374.40 |
| | Realtime Transcription | $117.00 |
| | Rough Transcript | $117.00 |
| | | |
| **Grand Total** | | **$7,455.90** |

---

[2] To the extent the costs associated with Mr. Longstaff's deposition are not entirely disallowed, this subset of charges should be disallowed because they are unrecoverable.

7

As set forth above, the costs of expedited transcripts are not recoverable without prior court approval or evidence that the "special character of the action" required them. Neither exists here, which dispenses with the claimed costs related to immediate delivery. Nor are transcript costs for the mere convenience of counsel, such as real-time transcription or the preparation of rough transcripts. *See Auto Wax Co. v. Mark V Prods., Inc.*, Civil Action No. 3:99-CV-0982-M, 2002 U.S. Dist. LEXIS 2796, at \*18 (N.D. Tex. Feb. 20, 2002) (rejecting Defendants' attempt to recover the costs of added electronic features of deposition transcripts and finding that "[a]lthough such added features make a review of the [trial] record somewhat more efficient, there is no suggestion here that this was not principally for the convenience of counsel."). As such, the American Defendants' Bill of Costs should be reduced by $6,331.90.

Finally, the American Defendants seek to tax Plaintiffs with $6,169.80 in printing and copying charges, all of which appear to have been generated in-house by the American Defendants' counsel on various dates from June 3, 2016 through August 3, 2020. ECF No. 235 at 16-31. There is no evidence about what these documents are, let alone any showing that the copying thereof was necessary for use during trial. "The cost of copying other documents is subject to the same standard as that of copying depositions: reproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). Here there is no evidence about what these documents are, let alone any showing that the copying thereof was necessary for use during trial. The party seeking the recovery of printing and copying costs has the obligation to show that the specific copies for which recovery is sought were necessary for trial. *See Celanese Corp. v. Kellogg*, No. H-06-2265, 2009 U.S. Dist. LEXIS 53673, at \*11 (S.D.

8

Tex. June 25, 2009).  Accordingly, the American Defendants' Bill of Costs should be reduced by $6,169.80.

For the foregoing reasons, the American Airlines Defendants' Bill of Costs contains $14,673.30 of costs that are excessive and unrecoverable.  As such their Bill of Costs should be reduced by that amount.

**III.    The Court Should Exercise Its Discretion To Deny The Defendants' Bills of Costs To Avoid Injustice.**

Aside from the excessive nature of some of the Defendants' claimed costs described above, which are not recoverable, the Court should still exercise its discretion to deny the remainder of the Defendants' Bills of Costs to avoid injustice.  Federal courts considering bills of costs submitted under Rule 54(d)(1) consider 1) the amount of claimed costs, 2) the good faith of the losing party, and 3) the closeness and difficulty of the issues raised by a case when using its discretion to deny costs.  *See, e.g. Ramirez v. Abreo*, Civil Action No. 5:09-CV-190-C, 2011 U.S. Dist. LEXIS 165541, at *6 (N.D. Tex. Oct. 31, 2011) (citing *Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006)).  All three of the foregoing factors counsel against imposing costs against Plaintiffs here.

*The Amount of Claimed Costs*

Defendants collectively seek an award of more than $32,000 in costs against Plaintiffs, two former employees of American Airlines.  The economic circumstances of Plaintiffs and the Defendants are vastly different—plaintiffs are both retired, former employees of American Airlines and the AAFCU is a nationally-chartered credit union with more than $7 billion in assets. *See* Am. Airlines Fed. Credit Union, *About Us*, *available at* https://www.aacreditunion.org/about-us/#:~:text=American%20Airlines%20Credit%20Union%20is,and%20assets%20surpassing%20%247.7%20billion.&text=We%20provide%20a%20wide%20array,this%20business%20that%20

9

connects%20us (last visited Aug. 24, 2020). American Airlines is one of the largest airlines in the world, and reported that it had $6.8 billion of cash and available funds as of April 2020. Barron's, *American Airlines Stock Dives on Missed Earnings and Cash-Burn Rate*, *available at* https://www.barrons.com/articles/american-airlines-stock-dives-on-missed-earnings-and-cash-burn-rate-51588258634 (last visited Aug. 24, 2020). The prevailing party's "enormous financial resources" is a factor that the Fifth Circuit considers in deciding whether to deny or reduce costs. *Ramirez* at *5.

Taxing costs in favor of Defendants and against Plaintiffs in this case would be punitive, and result in exactly the kind of injustice that Rule 54(d) allows courts to exercise their discretion to prevent.

### *The Good Faith of the Losing Party*

Another factor that courts consider in deciding whether to deny costs is whether the losing party acted in good faith. Here, Plaintiffs have at all times acted in good faith. This, especially when combined with the economic considerations described above, is a basis upon which federal courts can deny the imposition of costs. *See Love v. AutoZone Stores, Inc.*, No. 1:12 CV 2260, 2013 U.S. Dist. LEXIS 178873, at *4 (N.D. Ohio Dec. 20, 2013) ("Upon review, the Court finds that plaintiff's good faith in bringing this lawsuit and her asserted indigency prevent the imposition of costs in this case."). The Court should do so here.

### *The Closeness and Difficulty of the Issues*

Finally, courts consider the closeness and difficulty of the issues raised by the case at bar in determining whether to deny the imposition of costs. The closeness of a case is "judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law

of the case." *Harper v. Capital One, N.A.*, No. 3-11-cv-03007-F, 2013 U.S. Dist. LEXIS 206097, at \*3 (N.D. Tex. Mar. 15, 2013).  This case required significant effort on the part of both sides to sift through and organize the relevant evidence, and presented complex issues of ERISA jurisprudence for the Court to resolve.  Furthermore, the Defendants now seeking the imposition of costs found the case close enough to agree to settle it more than four years ago.  As such, this case clearly presents close and difficult issues that justify denying the imposition of costs.

## CONCLUSION

For the foregoing reasons, Defendants Bills of Costs should be denied in their entirety. In the alternative, the AAFCU's Bill of Costs should be reduced by $6,696.27 and the American ppDefendants' Bill of Costs should be reduced by $14,673.30.

11

Dated: August 25, 2020.                    Respectfully submitted,

                                           /s/ Jonathan T Suder
                                           jts@fsclaw.com
                                           Michael T Cooke
                                           mtc@fsclaw.com
                                           FRIEDMAN SUDER & COOKE PC
                                           604 E 4th Street, Suite 200
                                           Fort Worth, TX 76102
                                           Phone:  817-334-0400
                                           Fax:  817-334-0401

                                           Peter Schneider
                                           pschneider@schneiderwallace.com
                                           SCHNEIDER WALLACE COTTRELL KONECKY, LLP
                                           3700 Buffalo Speedway, Ste. 1100
                                           Houston, TX 77098
                                           Phone:  713-338-2560
                                           Fax: 866-505-8036
                                           Todd M. Schneider
                                           tschneider@schneiderwallace.com
                                           Kyle G. Bates
                                           kbates@schneiderwallace.com
                                           SCHNEIDER WALLACE COTTRELL KONECKY, LLP
                                           2000 Powell Street, Suite 1400
                                           Emeryville, CA 94608
                                           Phone:  415-421-7100
                                           Fax: 415-421-7105

                           **ATTORNEYS FOR PLAINTIFFS**


                           **CERTIFICATE OF SERVICE**

        I hereby certify that on the 25th day of August, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, Fort Worth Division using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.


                                           /s/ Jonathan T. Suder


                                           12