**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| SALVADORA ORTIZ and THOMAS SCOTT, on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| | § | Case No. 4:16-cv-00151-A |
| v. | § § | |
| AMERICAN AIRLINES INC., THE AMERICAN AIRLINES PENSION ASSET ADMINISTRATION COMMITTEE, and AMERICAN AIRLINES FEDERAL CREDIT UNION, | § § § § § § | |
| Defendants. | § § | |

**DEFENDANTS AMERICAN AIRLINES, INC.'S AND THE AMERICAN AIRLINES PENSION ASSET ADMINISTRATION COMMITTEE'S RESPONSE TO PLAINTIFFS' <u>OBJECTION TO BILL OF COSTS</u>**

Defendants American Airlines, Inc. and the American Airlines Pension Asset

Administration Committee ("American Defendants") file this Response to Plaintiffs' Omnibus

Opposition to Defendants' Bill of Costs pursuant to this Court's August 26, 2020 Order. (ECF

No. 238).

Plaintiffs ask this Court to reduce the American Defendants' taxable costs by more than

60% based on their mistaken assumption that *pro hac vice* costs and costs associated with

expedited transcripts are not recoverable, their claim that copy costs are too high, and the

difference in the parties' financial positions, the nature of the issues in this lawsuit, and

Plaintiffs' purported good faith in bringing their claims. Plaintiffs' objections -- based on

authority outside of this jurisdiction or incorrect assumptions -- should be set aside in favor of

the strong presumption of awarding the prevailing party costs. *See Pacheo v. Mineta*, 448 F.3d

783, 794 (5th Cir. 2006); *U.S. ex rel. Long v. GSD&M Idea City LLC*, 2014 WL 11320597, at *1

(N.D. Tex. Sept. 15, 2014), *modified and aff'd sub nom. U.S. ex rel. Long v. GSDMIdea City,*

*L.L.C.*, 807 F.3d 125 (5th Cir. 2015); *Celanese Corp. v. Kellogg, Brown & Root, Inc.*, 2009 WL 1810967, *1 (S.D. Tex. June 25, 2009).  The American Defendants respectfully request this Court to exercise its broad discretion and award the American Defendants taxable costs of $22,222.76.  *See Long*, 2014 WL 11320597, at *1.

### I.    *Pro Hac Vice* Costs Are Recoverable Taxable Costs

Plaintiffs claim this Court has no authority to award costs incurred for *pro hac vice* admission, and rely a footnote in an Oklahoma District Court decision.  (ECF No. 237 at 5) (citing *Awad v. Ziriax*, 2014 U.S. Dist. LEXIS 53045 (W.D. Okla. Apr. 17, 2014) (noting that the Tenth Circuit has yet to address whether *pro hac vice* costs may be taxed and examining decisions in other jurisdictions).  But, district courts in Texas have taxed costs incurred for *pro hac vice* filings.  *Butler v. MBNA Tech., Inc.*, 2004 WL 389101, *3 (N.D. Tex. Mar. 1, 2004); *see also HEI Res. E. OMG Joint Venture v. S. Lavon Evans, Jr. Operating Co.*, 2010 WL 536997, at *4 (S.D. Tex. Feb. 10, 2010).  Equally unconvincing is Plaintiffs' argument, again based on authority outside of Texas, that courts that have awarded *pro hac vice* costs limit taxation to lead counsel.  (ECF No. 237 at 5).   There is no indication that courts in this district would take a similar approach.  *See Butler*, 2004 WL 389101 at *3 (taxation of *pro hac vice* costs awarded to counsel).

### II.    All Deposition Transcript Costs Should Be Taxed

Plaintiffs object to taxing (1) all costs associated with the deposition of one of the American Defendants' experts, Professor Francis Longstaff and (2) fees incurred for expediting transcripts.  Plaintiffs argue that the costs for deposition transcripts should not be taxed unless "obtained for use *during trial or for trial preparation*."  (ECF No. 237 at 2) (emphasis added) (quotation omitted).

Plaintiffs' argument contradicts the express terms of 28 U.S.C. § 1920.  28 U.S.C. § 1920(2) provides that costs may be taxed for "[f]ees for printed or electronically recorded transcripts necessarily obtained for *use in the case*."  28 U.S.C. § 1920(2) (emphasis added).

Neither 28 U.S.C. § 1920 nor the applicable rules of civil procedure places such a limitation on taxation.  And the Fifth Circuit has expressly acknowledged that costs for depositions may be awarded even if not used for trial:

> [The Fifth Circuit has] consistently held that a deposition n*eed not be introduced into evidence at trial* in order to be 'necessarily obtained for use in the case.' If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party.

*Fogelman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991) (emphasis added) (rejecting argument that deposition costs should not have been taxed).  Whether a deposition or copy was necessarily obtained for use in the case is a factual determination the district court makes.  *Id.*

> A.      **Costs Associated With Professor Longstaff's Deposition Should Be Taxed**

Plaintiffs argue that Professor Longstaff "offered no opinions relevant to the trial" and that his opinions "were limited to issues related to class certification."  (ECF No. 237 at 5-6).  This argument is unavailing.  As explained above, deposition costs need only be incurred in connection **_with this case_** -- the deponent need not offer opinions "relevant to the trial" as Plaintiffs represent.  Even if that was the standard, Professor Longstaff submitted an expert report in May 2018 that included opinions about both the procedural aspects of certification and the merits of the claims in this case, (ECF No. 98-1 at App. 386-465), both of which are relevant to trial.

Plaintiffs also argue that Professor Longstaff's opinions were "ultimately withdrawn by American Airlines."  (ECF No. 237 at 5).  That is not true.  American intended that Professor Longstaff would testify as an expert at trial.  But after this Court issued its June 24, 2020 order setting an expert discovery cut off by July 17, 2020 (ECF No. 169), Professor Longstaff was unable to complete an additional expert report and participate in a deposition in accordance with that schedule because he was already scheduled to testify at two trials during July 2020, as previously explained.  (ECF No. 228).  Further, Professor Longstaff's opinions were not "withdrawn," and in fact the American Defendants relied on them in their successful Motion for

Summary Judgment.  (ECF Nos. 178; 224 at 9 n.7; 228 at 2); *see HEI Res.*, 2010 WL 536997, at

*4 (where case was resolved at summary judgment all depositions were reasonably expected to

be necessary for use in the trial or for trial preparation and, accordingly, costs were properly

taxable).

        **B.**        **Costs Associated With Expedited Transcripts Should Be Taxed**

Plaintiffs object to taxing all costs associated with expedited transcripts, yet they

acknowledge that the cost of an expedited transcript is recoverable if the "special character of the

action necessitates expedited receipt of the transcript."  (ECF No. 237 at 3) (quotation omitted);

*see Butler*, 2004 WL 389101, at *2.  "It is the district court's duty to determine whether

obtaining a transcript on an expedited basis is necessary or whether it was incurred merely for

the convenience of one party's counsel."  *Id*.

Expedited transcripts were a necessity in this case given the trial schedule.  On June 24,

2020, the Court set a July 17, 2020 discovery completion deadline.  The parties conducted most

of the depositions in this case during the week of July 13, 2020.  With their statement of facts

due no later than July 27, 2020, other pretrial deadlines, and trial scheduled for September 14,

2020, the American Defendants ordered expedited transcripts.  Circumstances like these are

precisely the ones where expedited transcript costs are to be taxed.  *See Butler*, 2004 WL

389101, at *2 (taxing costs for expedited transcripts where "[d]efendant's reasons for obtaining

the deposition transcripts on an expedited schedule -- the delay of Plaintiff's counsel in noticing

and taking the depositions -- is reasonable and expedited service was necessary").

        **III.**     **American's Copying Costs Were Reasonable, Incurred In Connection With This Case, And Should Be Taxed**

Despite the fact that 28 U.S.C. § 1920(3) provides that costs may be taxed for "[f]ees and

disbursements for printing," 28 U.S.C. 1920(3), Plaintiffs object to this Court awarding even a

cent of the American Defendants' copy costs.  Plaintiffs note in their filing, however, that "[t]he

cost of copying other documents is subject to the same standard as that of copying depositions:

reproductions necessarily obtained for use in the case are included within taxable costs, provided

that the prevailing party demonstrates that necessity" (ECF No. 237 at 8) (quotation omitted), and it is settled that the prevailing party meets its burden by showing that its reproduction costs were necessarily incurred in connection with the litigation and not for some other purpose. *Fogelman*, 920 F.2d at 286; *United States ex rel King v. Solvay Pharm, Inc.*, 871 F.3d 318, 336 (5th Cir. 2017) (awarding copy costs where invoices submitted by defendant were not detailed, but "it would have been impossible for Solvay to explain each page's usefulness," defendant attested that expenses were necessarily incurred, and defendant reduced request to fifty percent of costs actually incurred).

Here, the American Defendants' counsel declared under penalty of perjury that their reproduction costs are correct and were necessarily incurred in the action. (ECF No. 235). Plaintiffs have not shown otherwise. Each copy cost is itemized. And the bulk of the costs are associated with key events in this litigation occurring at or around the time the copies were incurred. For example, substantial copy costs were incurred in mid-2016 consistent with the preparation and filing of the motion to dismiss and the mediation; during 2018 commensurate with briefing relating to Plaintiffs' motion for class certification; and, in July and August 2020 related primarily to depositions, preparation of the exhibit list and meetings with Plaintiffs' counsel, and preparation for the August 7, 2020 pretrial conference.

Plaintiffs also complain that the American Defendants' copy costs are too high. The American Defendants actually incurred $9,536.05 in copy costs, $3,366.25 of which was attributable to color copies. The American Defendants reduced their copy costs by $3,366.25 -- more than one-third of the total copy costs -- before submitting their Bill of Costs. The American Defendants seek only $6,169.80 associated with printing and copying charges during the more than four years this case was pending. This tally is not out of line for a case of this complexity, and all such costs should be taxed.

IV.   **The American Defendants' Costs Should Be Taxed Despite Other Arguments Plaintiffs Raise**

Plaintiffs' remaining arguments do not advance their cause.  The Fifth Circuit has rejected the argument that the parties' relative financial circumstances justify a reduction in taxable costs.  *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 320 (5th Cir. 2013) (noting that "question of what role 'limited resources' play in reducing an award presents a question of first impression in the Fifth Circuit" and the fact that a "prevailing party is substantially more wealthy than the losing party is not a sufficient ground for denying or limiting costs to the prevailing party")[1]; *Long*, 2014 WL 11320597, at *2-3 (citing cases) (awarding all costs of $214,306.23 to defendant and rejecting argument that award should be reduced based on parties' relative financial condition, plaintiff's inability to pay and plaintiff's good faith in pursuing claim).

Nor does Plaintiffs' argument that the "closeness and difficulty of the issues" justify a reduction in costs here.  The issues in this case were not close.  Several courts have rejected claims just like the ones Plaintiffs make here. (ECF No. 178 at 26). Although the American Defendants pointed that out in connection with their motion to dismiss in 2017 (ECF No. 82 at 4, n.7), Plaintiffs continued to press their claims "vigorously maintain[ing] that they had alleged facts that plausibly stated causes of action."  (ECF No. 231 at 11).  Plaintiffs had every opportunity to support their claims, but failed.  Faced with that, Plaintiffs offer only a conclusory statement that the case was "close enough" to settle more than four years ago.  (ECF No. 237 at 11).  Agreeing to settle a case just months after it is filed to avoid the costs and administrative

---

[1] Plaintiffs' reliance on *Harper v. Capital One, N.A.*, 2013 U.S. Dist. LEXIS 206097 (N.D. Tex. Mar. 15, 2013) is misplaced since *Moore*, decided after *Harper*, concluded that "reducing or eliminating a prevailing party's cost awarded based on its wealth --either relative or absolute -- is impermissible as a matter of law," 735 F.3d at 320.  Although some courts have nevertheless considered the losing party's limited resources when there is such evidence and combined with good faith, Plaintiffs here have offered no affidavit or evidence that they have limited resources to pay the costs.  *See, e.g., Basler v. Barron*, 2017 WL 3394603, at *2 (S.D. Tex. Aug. 8, 2017) (refusing to consider ability to pay); *Jurach v. Safety Vision, LLC*, 2015 WL 893178, at *2 (S.D. Tex. Mar. 1, 2015).

inconveniences associated with litigation is not evidence of a "close" case with difficult issues.

Finally, although Plaintiffs claim to have pursued their claims in good faith, that alone does not justify a reduction in taxable costs. *See Celanese Corp.*, 2009 WL 1810967, at *1 (good faith alone does not result in reduction of taxable costs).

## **CONCLUSION**

For the foregoing reasons, the American Defendants respectfully request that they be awarded $22,222.76 for taxable costs incurred.

Respectfully submitted,

Dated: September 9, 2020

*/s/ Jeffrey I. Kohn*
Jeffrey I. Kohn* (N.Y. Bar # 1980838)
Karen Gillen* (N.Y. Bar # 2963338)
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Tel.: (212) 326-2000
Fax: (212) 326-2061
jkohn@omm.com
kgillen.@omm.com

Brian D. Boyle* (D.C. Bar # 419773)
Shannon M. Barrett* (D.C. Bar # 476866)
Meaghan VerGow* (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Tel.: (202) 383-5300
Fax: (202) 383-5300
bboyle@omm.com
sbarrett@omm.com
mvergow@omm.com

Dee J. Kelly, Jr. (S.B. # 11217250)
Lars L. Berg (S.B. # 00787072)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Tel.: (817) 332-2500
Fax: (817) 878-9280
dee.kelly.2@kellyhart.com
lars.berg@kellyhart.com


*admitted *pro hac vice*

**ATTORNEYS FOR DEFENDANTS AMERICAN
AIRLINES, INC. AND THE AMERICAN
AIRLINES PENSION ASSET
ADMINISTRATION COMMITTEE**

8

**CERTIFICATE OF SERVICE**

On September 9, 2020, a true and correct copy of the foregoing document was served

upon all persons who have requested notice and service of pleadings in this case via the Court's

CM/ECF system.

_Jeffrey I. Kohn_

Jeffrey I. Kohn* (N.Y. Bar # 1980838)
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Tel.: (212) 326-2000
Fax: (212) 326-2061
jkohn@omm.com