UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SALVADORA ORTIZ AND<br>THOMAS SCOTT,<br>    *Plaintiffs* | §<br>§<br>§<br>§ | |
| **v.** | §<br>§ | **Civil Action No. 4:16-cv-00151-A** |
| AMERICAN AIRLINES, INC., THE<br>AMERICAN AIRLINES PENSION<br>ASSET ADMINISTRATION<br>COMMITTEE, AND AMERICAN<br>AIRLINES FEDERAL CREDIT UNION,<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§ | |

**DEFENDANT AMERICAN AIRLINES FEDERAL CREDIT UNION'S REPLY TO
PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' BILL OF COSTS**

TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND THE ATTORNEYS OF RECORD:

Defendant American Airlines Federal Credit Union (the "Credit Union") in the above entitled and numbered action, files this its Reply to Plaintiffs' Omnibus Opposition to Defendants' Bill of Costs and, in support thereof, would show the Court the following:

**I.      INTRODUCTION**

On August 5, 2020, the Court issued a Memorandum Opinion and Order RE Summary Judgment Motions granting the Credit Union's Motion for Summary Judgment and disposing of all claims asserted by Plaintiffs against the Credit Union.  (Doc. 231.)  The Court also issued a Final Judgment that taxed costs against Plaintiffs.  (Doc. 232.)  Accordingly, on August 18, 2020, the Credit Union timely filed its Bill of Costs.  (Doc. 234.)  On August 25, 2020, Plaintiffs filed their Omnibus Opposition to Defendants' Bill of Costs.  In their Opposition, Plaintiffs

contest two categories of costs taxed against them, essentially contending that the Credit Union's costs were excessive.  The Credit Union has sufficiently established its costs as well as the reasonable necessity of those costs.  Consequently, the Credit Union respectfully requests that the Court award the Credit Union its full costs of $12,216.42.

## II.    ARGUMENT AND AUTHORITIES

Costs are awarded to a prevailing party in a lawsuit as a matter of course.  Fed. R. Civ. P. 54(d).  Rule 54's strong presumption that a prevailing party will be awarded its costs places a burden on the losing party to overcome that presumption, since "denial of costs . . . is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation."  *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citations omitted).  In order to establish the amount of costs incurred, a prevailing party must submit a bill of costs, listing the categories of costs incurred which are recoverable pursuant to 28 U.S.C. § 1920.[1]  The bill of costs must be verified by the party or its attorney, and must state that the costs were "necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."  28 U.S.C. § 1924.  Once the prevailing party thus establishes its entitlement to costs, the burden is upon the losing party to present to the Court specific reasons why the claimed costs should not be allowed.  *See Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977).

---

[1] The categories of recoverable costs include:  (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation for court appointed experts and interpreters.  28 U.S.C. § 1920.

**DEFENDANT AMERICAN AIRLINES FEDERAL CREDIT UNION'S**                          **Page 2 of 6**
**REPLY TO PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' BILL OF COSTS**
26760837

A. **<u>Plaintiffs Have Not Carried Their Burden of Disputing the Credit Union's Taxable Costs</u>.**

Plaintiffs have not carried their burden of accurately disputing the Credit Union's costs. While Plaintiffs concede that $5,520.15 of the Credit Union's claimed costs are not excessive, they argue that two categories of costs do not qualify for recovery and, therefore, the Court should reduce the Credit Union's costs by $6,696.27. Plaintiffs' positions fail for multiple reasons.

1. **The Credit Union's copy costs are reasonable.**

28 U.S.C. § 1920 allows for the recovery of "fees and disbursements for printing," as well as "fees for exemplification and copies of papers necessarily obtained for use in the case." Costs for copies obtained for use in litigation are recoverable upon a showing of necessity. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). In order to determine whether the copy charges at issue were necessary, all that is required is some connection between the copies and the litigation. *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). For instance, the mere fact that the documents at issue were produced in discovery is sufficient to establish such a connection. *See Herman v. Pronto Courier Service*, 1999 WL 325493, at *4 (N.D. Tex. May 10, 1999). Moreover, the taxation of copy charges does not depend upon whether the documents were used, but upon whether they could reasonably be expected to be used in the case. *Fogleman*, 920 F.2d at 285-86.

In their Opposition, Plaintiffs object to this Court awarding *any* copy costs to the Credit Union. Essentially, Plaintiffs contend that the Credit Union failed to identify the purpose of the copy charges. However, a prevailing party is by no means expected "to identify every xerox

copy made for use in the course of legal proceedings." *Migis v. Pearle Vision, Inc.*, 944 F. Supp. 508, 518 (N.D. Tex. 1996).  Rather, it is sufficient to provide an "itemized breakdown of the copying costs incurred . . . ." *Fogleman*, 920 F.2d at 286.  The Credit Union's Bill of Costs contains an invoice showing the sole project for which it is seeking its copy charges.  (Doc. 234.) Pursuant to 28 U.S.C. § 1924, the Credit Union's counsel verified that these copy charges were actually and necessarily incurred in connection with this lawsuit.  This copy job was performed in July 2020, at a time when the Credit Union (and the other parties) were preparing proposed exhibits for a joint trial exhibit list, conferring with other parties, and preparing for the August 7, 2020 pretrial conference.  Accordingly, the Credit Union has established its entitlement to those costs.  *Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 484 (5th Cir. 2002) (affirming award of costs for photocopying and videotaping expenses despite the failure to itemize the costs, because the prevailing party made the requisite declaration of "necessity").

## 2.    The Credit Union's deposition costs are reasonable and recoverable.

A prevailing party is entitled to recover the costs of taking, transcribing, and reproducing depositions that are "necessarily obtained for use in the case."  28 U.S.C. § 1920(2); *see also Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195 (1994).  A determination that depositions were necessarily obtained for use in the case is not made based on whether they were ultimately used at trial, *see United States v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963), but rather on whether the depositions appeared reasonably necessary at the time they were taken.  *See Herman v. Pronto Courier Service*, 1999 U.S. Dist. LEXIS 23455, at *11-12 (N.D. Tex. May 10, 1999).  In the absence of a specific objection, deposition

costs will be deemed to have been necessary for use in the case.  *See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415 (N.D. Tex. 1997).

Plaintiffs acknowledge that the cost of expedited transcripts may be "permitted upon a showing of necessity."  (Doc. 237 at 3.)  Indeed, the Fifth Circuit has held that "the extra costs of obtaining a trial transcript on an expedited basis is not taxable unless prior court approval of expedition has been obtained or *the special character of the litigation necessitates expedited receipt of the transcript*."  *Fogleman*, 920 F.2d at 286 (emphasis added).  Such was the case here, where the Credit Union took and defended five fact and expert witness depositions within a very short window due to the compressed deadlines in the case scheduling order.  *See Cox v. Waste Mgmt. of Tex.*, 2013 U.S. Dist. LEXIS 25009, at *6 (S.D. Tex. Feb. 25, 2013) (finding costs of obtaining expedited trial transcripts properly taxed when expedited transcripts were necessary to meet court deadlines); *Roehrs v. Conesys, Inc.*, 2008 U.S. Dist. LEXIS 123836, at *6-7 (N.D. Tex. Feb. 28, 2008).

The trial schedule and compressed deadlines made expedited transcripts necessary.  The parties engaged in five fact and expert witness depositions in a three-day period to comply with a July 17, 2020, discovery deadline.  (Doc. 169.)  The deadline for the parties to submit their lists of facts to be proved at trial was July 27, 2020, and the trial date was September 14, 2020.  As a result, the Credit Union necessarily requested that the deposition transcripts be expedited so that pertinent testimony could be reviewed and cited, as necessary.  Therefore, the Credit Union is entitled to recover all transcript costs in the amount of $10,783.25.

Wherefore, premises considered, the Credit Union respectfully prays that the Court overrule Plaintiffs' objections to the Credit Union's Bill of Costs, and that the Credit Union recover the full amount of costs taxed against Plaintiffs in the amount of $12,216.42.

Dated:  September 9, 2020                    Respectfully submitted,


By:  /s/ Jonathan D. Neerman
     Jonathan D. Neerman
     Texas Bar No. 24037165
     Edwin Buffmire
     Texas Bar No. 24078283
     Brian H. Oates
     Texas Bar No. 24088144

JACKSON WALKER L.L.P.
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-5664 (Direct Dial)
(214) 661-6899 (Direct Fax)

**ATTORNEYS FOR AMERICAN AIRLINES FEDERAL CREDIT UNION**


## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2020, a true and correct copy of the above and foregoing document has been served upon all parties of record via the Court's ECF system:


 /s/ Jonathan D. Neerman
Jonathan D. Neerman