IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| SALVADORA ORTIZ AND THOMAS SCOTT, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:16-CV-151-A |
| AMERICAN AIRLINES, INC., ET AL., | § § § § | |
| Defendants. | § | |

ORDER

On August 18, 2020, defendant American Airlines Federal Credit Union ("Credit Union") filed its bill of costs. On August 19, 2020, defendants American Airlines, Inc., and American Airlines Pension Asset Committee (together, "American") filed their bill of costs. On August 25, 2020, plaintiffs, Salvadora Ortiz and Thomas Scott, filed their omnibus opposition to the bills of costs. By order signed August 26, 2020, the court ordered expedited responses to plaintiffs' opposition. The court has now received and reviewed such responses and finds that costs should be taxed as discussed herein.

In the Fifth Circuit, a losing party must overcome a strong presumption that the prevailing party is entitled to be awarded costs. Schwarz v. Folloder, 767 F.2d 125, 131 (5th Cir. 1985);

<u>Walters v. Roadway Express, Inc.</u>, 557 F.2d 521, 526 (5th Cir. 1977). The good faith of the plaintiffs in pursuing their claims is not a reason to decline to tax costs. <u>Pacheco v. Mineta</u>, 448 F.3d 783, 794 (5th Cir. 2006). Nor is the parties' relative financial circumstances relevant. <u>Moore v. CITGO Ref. & Chems. Co., L.P.</u>, 735 F.3d 309, 319-20 (5th Cir. 2013). The court is not persuaded by plaintiffs' arguments that costs should be denied or reduced on any equitable basis.

Plaintiffs object to the copying charges of $1,433.17 submitted by Credit Union. As Credit Union notes, its counsel verified that the copies were necessarily obtained and charges incurred. In its response, it notes that the copying was done in July, at a time when the parties were involved in extensive trial preparation activities. The court set relatively short deadlines. Plaintiffs have not shown that the charges are unreasonable.

Plaintiffs further object to Credit Union's bill of costs including a charge of $840 for the deposition of Francis Longstaff. At the time the deposition was obtained, it was anticipated that Longstaff would be testifying as an expert in the case. See <u>Fogelman v. ARAMCO</u>, 920 F.2d 278, 285 (5th Cir. 1991). Plaintiffs also object to the costs for expedited transcripts. The court is satisfied that expedited transcripts

were necessarily incurred due to the court's short deadlines. Credit Union has not explained, however, why additional costs for realtime transcription and rough transcripts were necessary. Accordingly, the court is disallowing such costs, which total $1,665.05.

As for American's bill of costs, plaintiffs first object to costs incurred for admissions pro hac vice. The court is satisfied that such costs are properly taxed as fees of the clerk. 28 U.S.C. § 1920(1); HEI Res. E. OMG Joint Venture v. S. Lavon Evans, Jr. Operating Co., No. 5:07-CV-62, 2010 WL 536997, at *4 (S.D. Tex. Feb. 10, 2010); Butler v. MBNA Tech., Inc., No. 3:02-CV-1715-H, 2004 WL 389101, at *3 (N.D. Tex. Mar. 1, 2004).

Plaintiffs also object to the costs of the Longstaff deposition and additional costs incurred for the depositions. As stated, the court is satisfied that defendants anticipated that Longstaff would be offering expert testimony in the case. American does not address the specific deposition costs to which plaintiffs object, namely the realtime and rough transcript charges. Accordingly, the court is disallowing such costs, which total $4,124.70.

Finally, plaintiffs object to American's copying costs. American's counsel declared under penalty of perjury that the costs were necessarily incurred. The copying charges are

3

itemized and plaintiffs do not point to any charges that were excessive or inappropriate.

The court ORDERS that costs be taxed against plaintiffs, jointly and severally, and in favor of Credit Union in the amount of $10,551.37, and in favor of American in the amount of $18,098.06.

SIGNED September 10, 2020.

JOHN McBRYDE
United States District Judge